# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20060
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON AUGUST HOLVERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-391-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jon August Holverson appeals the within-guidelines sentence of 108 months of imprisonment imposed following his guilty-plea conviction for (1) conspiracy to make false statements to a federal agency, the Small Business Administration (SBA), to fraudulently obtain major disaster benefits, and (2) fraud in connection with a major disaster. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20060

Holverson first contends that the district court erred in applying a 14-level enhancement under U.S.S.G. § 2B1.1(b)(1)(H) based on its finding of the amount of the intended loss.  We review factual determinations for clear error and the application of the Guidelines de novo.  *United States v. Setser*, 568 F.3d 482, 496 (5th Cir. 2009).  Holverson asserts that the intended loss was zero because he intended to repay the loan, and he pledged 11 properties as collateral.  Alternatively, he contends that the district court should have given him credit for the fair market value of the encumbered properties based on an appraisal he submitted or should have used different tax assessments.  Holverson also asserts that he should have received credit for repairs made to the properties as of sentencing.

Holverson submitted loan applications totaling $974,700 for repairs to rental properties and $25,000 for repairs to his primary residence.  His intention to divert funds from the government for unintended uses qualifies the loan application amounts as the "intended losses."  *United States v. Dowl*, 619 F.3d 494, 502 (5th Cir. 2010).  The district court's determination that Holverson did not show that he intended to repay the loans was amply supported by the evidence of his conduct, including his submission of fraudulent invoices and fraudulent cancelled checks totaling $685,731, in an attempt to get the SBA to disburse the loan proceeds; his exploitation of his former wife, his current wife, his brother, and employees of his company to fabricate receipts and other documents; and his submission of misleading appraisals of the properties pledged as collateral in an effort to reduce his sentencing exposure.

The district court also rejected Holverson's claim that he should receive credit for the aggregate amount of the repairs that he made to the properties as of the date of sentencing, totaling $383,672.16.  The district court was

2

entitled to rely on the facts in the Presentence Report (PSR), which stated that the SBA investigation found that he had made only $10,330.31 in legitimate repairs. *See United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010). The district court concluded that the evidence he submitted was "unbelievable" and contained a great number of items that were totally unrelated to the instant case. Holverson has not shown that he presented evidence sufficient to rebut the information in the PSR. *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

Holverson has also failed to show that the district court erred in using tax assessments in determining the fair market value of the properties. *See* § 2B1.1, comment. (n. 3(E) & (E)(iii)). Moreover, as the district court determined that, even if it accepted the figures offered by Holverson, the loss amount would not have been reduced below $400,000 and, therefore, the 14-level enhancement would still be applicable. *See* § 2B1.1(b)(1)(H). In short, we discern no clear error in the district court's determination of the loss amount.

Next, Holverson contends that the district court erred in applying a two-level sentencing enhancement under U.S.S.G. § 3C1.1 for obstruction of justice because the appraisals he submitted were not false or fraudulent, he did not commit perjury or make a false statement, and the district court failed to make a finding of willfulness. We review this determination for clear error. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). The record supports the conclusion that Holverson submitted inflated appraisals to his attorney, the government, and the district court in an effort to reduce his sentencing exposure, and that this constituted obstruction of justice. There was no clear error.

Holverson claims that, because the district court erred in applying the obstruction of justice enhancement, it also erred in denying a three-level

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Alternatively, he asserts that the district court erred because he has admitted his guilt and shown remorse.  We will not reverse the denial of acceptance of responsibility unless it is without foundation, a standard more deferential than the clearly erroneous standard.  *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003).  The district court did not err in imposing the obstruction of justice enhancement as discussed above.  Further, Holverson has not shown that his case is one of the extraordinary ones in which both §§ 3C1.1 and 3E1.1 may apply.  *See* § 3E1.1, comment. (n.4); *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997).  In short, the district court's determination was not without foundation.

In addition, Holverson claims that the district court erred in not considering his requests for a downward departure.  The district court's refusal to depart downward is not reviewable unless the court mistakenly believed that it lacked the authority to do so.  *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).  This bar applies even when a district court summarily denies a departure without explanation or implicitly denies a departure by imposing a within-guidelines sentence.  *See United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).  The district court heard Holverson's arguments, cited the 18 U.S.C. § 3553(a) factors, and determined that a sentence within the advisory guidelines range was appropriate.  Nothing in the record suggests, and Holverson does not claim, that the district court misunderstood its authority to depart downward.  Therefore, we lack jurisdiction to review the denial of a downward departure.  *See Hernandez*, 475 F.3d at 424 & n.5.

Finally, Holverson insists that the sentence was substantively unreasonable because it did not account for all of the § 3553(a) factors, including his strong community support, his good behavior during detention,

his age, his lack of a prior conviction, and his history of community and charitable work. The district court considered Holverson's contentions before imposing a within-guidelines sentence of 108 months of imprisonment. Given the deference owed to the district court's sentencing determination, *see Gall v. United States*, 552 U.S. 38, 51-52 (2007), Holverson's assertion that his sentence is unreasonable is insufficient to rebut the presumption that the within guidelines sentence is reasonable, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.